IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **WANITA ROACH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **CATHERINE CASTELLANI ,** ) | Civil Action No. JFM 02 CV 3171 |
| ) | |
| Defendant ) | |
| ) | |
| ) | |

**RESPONSE TO MOTION TO ENFORCE ARBITRATION AGREEMENT**

Plaintiff, **WANITA ROACH**, by her attorney, Isaac Joe, Jr. hereby submits this response to Defendant's Motion to Enforce Arbitration Agreement.

1. It is important to state, at the very outset, that Plaintiff is not and has not sought to renege on the agreement to arbitrate the matter.[1] In fact, it was Plaintiff that suggested arbitrating the matter in the first place. It seems the appropriate thing to do. Defendant informally admits that liability is not an issue in the matter. Hence, the only matter remaining is a determination of the amount of damages due Plaintiff.

2. Defendant is correct when it states, in #2 of its Motion, that the agreement resulted from "much communication and negotiation".  In fact, the parties initially began such discussions in late April/early May[2] and continued until Sept. 29. However,

---

[1] Lest the Court make the incorrect assumption, the parties never executed a formal "**Binding Arbitration Agreement**". Rather, the parties verbally agreed to resolve the matter through arbitration.  The 9/29 letter (attached to Defendant's Motion) was written by defendant as a follow-up to the parties' agreement.

[2] Because these discussions were ongoing, the parties inadvertently neglected to submit the Status Report(s) that were due. That is, the parties thought that an agreement for an alternative method of resolution was so imminent, the Report(s) were not submitted.

**substantive** negotiations were never untaken because the parties were unable to agree on the amount of "specials" that were appropriate for inclusion as a beginning point for such discussions.  Defendant insisted (and still insists) that any "specials" claimed for treatment after **October 2000**[3] (little more than 1 month after the accident) were inappropriate for consideration, even though most of these "additional" charges were from the **same treating doctor** (Launder) and **same** physical therapist.[4] Hence, Plaintiff finds it disingenuous that Defendant would rely on a <u>**1/31/01**</u> report from this same physician and for a time period that it steadfastly maintains is "irrelevant" to support its claim for relief herein.

      3. Defendant is not accurate in the matters set forth in her #4. First, the Oct. 7 call was from Defendant to Plaintiff resulting from Plaintiff's unsuccessful attempts to reach Defendant on Oct. 2 & 3.

      Second, and most important, Plaintiff told Defendant that he could not properly present plaintiff's case if the issue of permanency were excluded. He reminded Plaintiff that he had a permanency rating from Dr. Macht (though, in error, it was not furnished to Defendant) and that his (Macht's) name was included on the Rule 26(a)(2) disclosure. (See Disclosure attached).

      Moreover, the permanency rating was mentioned in several conversations throughout the summer with Defendant's counsel. She always rejected the possible consideration of this issue, claiming that because the report had not been furnished with the Rule 26(a) disclosures, it was "untimely". Plaintiff submits that Defendant should be **<u>estopped</u>** from relying on "timeliness" as a reason for omission given her untimeliness in <u>all</u> formal discovery responses! (See fn. 2, ¶2 below)

---

      Additionally, it is for this same reason that Plaintiff tolerated tardy pre-trial discovery responses. Defendant's responses to Interrogatories and Req. for Production were 1 1/2 months late and Response to Req. for Admissions are 2 months late.
[3] Curiously though, Defendant states in #1 of its Motion that Plaintiff's medical bills are "$10,611.28". This figure is much closer to the amount claimed by Plaintiff ($11,615.00) than the app. "$4,700.00" figure Defendant had adamantly stated was the appropriate figure in <u>all</u> previous discussions.
[4] Plaintiff felt that failure to retract from such position regarding "specials" constituted <u>bad</u> <u>faith</u>.

Finally, Plaintiff advised Defendant that he certainly would not oppose an I.M.E. taken by defendant. As such, Defendant cannot claim prejudice.

Nonetheless, Defendant's counsel replied that she would refuse such an accommodation. This instant Motion results from the discussion aforementioned.

4.   What Defendant really attempts to do herein is prevent Plaintiff from raising the issue of permanency in the arbitration proceeding. Plaintiff, however, is unaware of any rule of the American Arbitration Association that prevents the introduction of such evidence, especially where a) the opposing party is aware of the existence of such a rating, and b) where the opposing party has been given an opportunity to present contra-evidence.

5.   Frankly, Plaintiff does not know what <u>contra-relief</u> to request. As stated at the outset of this Response, Plaintiff is not withdrawing her agreement to arbitrate the matter. The controversy, however, arises regarding the issue of whether evidence of "permanency" can be presented in that proceeding. Plaintiff maintains that such evidence can and should be presented given the fact that Defendant had been aware of such evidence for some time and she was and is now given an opportunity for a contra-evaluation.

      Respectfully submitted,

_____
Isaac Joe, Jr.
Attorney at Law
Bar No. 03456
The Rotunda, Suite 300
711 W. 40th Street
Baltimore, MD  21211-2109
(410) 889-8870

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 20th day of October, 2003, a copy of the foregoing Plaintiff's Response to Motion to Enforce Arbitration Agreement was faxed to: Jacquelyn M. Kramer, Esq., Johnson, Jones & McGough, 200 International Circle, Suite 1500, Hunt Valley, Maryland 21030, Attorney for Defendant.

                                                        _____
                                                        ISAAC JOE, JR.

Attachment

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WANITA ROACH,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **CATHERINE CASTELLANI ,** | ) | Civil Action No. JFM 02 CV 3171 |
| | ) | |
| Defendant | ) | |
| | ) | |
| _____ | ) | |

## PLAINTIFF'S RULE 26(a)(2) INITIAL DISCLOSURES

Plaintiff, Wanita Roach, by her attorney, Isaac Joe, Jr., hereby make the following FRCP 26(a)(2) disclosures:

A.
1. attendant, Mays Landing Volunteer Rescue Squad, Mays Landing, New Jersey 08330 (specific name unknown at present)

2. representative of the Kessler Memorial Hospital, 600 S. White Horse Pike, Hammonton, N.J. 08037

3. William Laudner, M. D., Maryland Orthopedics, 3570 St. Johns Lane, Ellicott City, Md. 21042

4. Damanhuri Daniel Alkaitis, M.D., PhD., Neurodiagnostic Center, 3570 St. Johns Lane, Ellicott City, Md. 21042

5. representative of the Tai Sophia Institute, 7760 Montpelier Road, Laurel, Md. 20728

6. Fawn Jones, 5411 Chatterbird Place, Columbia, Md. 21045

7. Allan Macht, M.D., 101 W. Read Street
Baltimore, Maryland 21201

        Respectfully submitted,


        _____
        Isaac Joe, Jr.
        Attorney at Law
        The Rotunda, Ste. 300
        711 West 40th Street
        Baltimore, MD  21211-2109
        (410) 889-8870
        Bar No. 03456

        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of May, 2003, a copy of the foregoing Plaintiff's FRCP 26(a)(2) Initial Disclosures was mailed, first-class, postage prepaid to: Jacquelyn M. Kramer, Esq., 218 N. Charles Street, Suite 200, Baltimore, Maryland 21201, Attorney for Defendants.

        _____
        ISAAC JOE, JR.